[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this case the plaintiff, a former tenant of defendant, seeks double damages pursuant to General Statutes Sec. 47a-21 as a result of defendant's failure to return plaintiff's security deposit. Defendant, by way of set off and counterclaim, claims damages arising out of plaintiff's failure to properly maintain the premises.
The evidence presented discloses the following. In December, 1988, the plaintiff and defendant entered into a lease with respect to a house owned by defendant. Plaintiff paid to the defendant a security deposit in the amount of $1500. When plaintiff took possession of the premises, the house, even by defendant's admission, was not in excellent repair. The roof needed replacement and there were miscellaneous other problems involving the plumbing and electrical systems. In October, 1990, plaintiff informed defendant that she was vacating the premises at the end of the month. In compliance with General Statutes Sec. 47a-21
plaintiff properly and timely requested that her security deposit be returned to her at her forwarding address.
Upon inspecting the premises defendant discovered a number of problems requiring repair. Because plaintiff had in the house at least five cats, without defendant's permission, there was damage to the couch, carpets and floors requiring desanitization and/or replacement. Additionally, there was damage to the walls caused by plaintiff's failed efforts to strip the wall paper, necessitating that portions of the walls be sheetrocked. Repair of the apartment, according to defendant, prohibited her from renting the apartment for a period of two months. Defendant agrees that she failed to comply with the security deposit statute in that she did not provide a written itemization of the damages within the thirty days required by statute.
After reviewing the evidence, including the exhibits CT Page 8769 and taking into account the court's observations of the witnesses, the following damages are awarded: Judgment for the plaintiff in the amount of $3,000 (twice the amount of the security deposit as double damages for failure of defendant to comply with General Statutes Sec. 47a-21 and interest on the security deposit in the amount of $270.34 for a total judgment for the plaintiff of $3270.34.
Judgment for the defendant on the counterclaim as follows:
a. Replace couch $200.
b. Desanitize floors 93.
c. Replace carpet 300.
d. Replace window 67.
e. Sheet rock and labor 630.
f. Cleaning Service 100.
 g. One month lost rental due 750. to repairs
 TOTAL _________ $2,140.00
Net judgment to the plaintiff is $1130.34 plus $89.20 in costs. This is a modified judgment. By order dated July 21, 1992, net judgment to the plaintiff in the amount of $830.34 was entered. That judgment is vacated and increased by $300 reflecting that defendant should not be awarded the full six hundred dollars claimed for replacing the rugs, as the rugs were approximately six years old.
SO ORDERED.
ROBERT L. HOLZBERG, J. CT Page 8770